FILED
MISSOULA, MT

2007 AUG 14 PM 5 57

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| RONALD D. GLICK, | ) | CV 07-39-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MONTANA DEPARTMENT OF CORRECTIONS; DIRECTOR MIKE FERRITER; MONTANA STATE PRISON; MIKE MAHONEY; DOES 1 THROUGH 10, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

United States Magistrate Judge Keith Strong entered Findings and Recommendation in this matter on July 16, 2007. Plaintiff Glick timely objected and is accordingly entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). Glick is a pro se state prisoner proceeding under 42 U.S.C. § 1983. The parties are familiar with the procedural and factual background so they will not be recited.

The Court agrees with Judge Strong's Findings and Recommendation. Glick's case does not meet the standards required to pass prescreening. 28 U.S.C. §§ 1951(e)(2)(B), 1915A(a),(b). The United States Code and United States Supreme

-1-

Court case law provide that prisoners shall exhaust their administrative remedies before courts can address the merits of a legal claim. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, ___U.S.___, 126 S.Ct. 2378, 2386 (2006). Here, Glick's complaint readily acknowledges that he has not exhausted his administrative remedies; consequently, this Court cannot grant relief for Glick's claims. Exhaustion, as the Ninth Circuit surmised, is "an indispensable requirement" for prisoners proceeding under § 1983 claims. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam). The Court acknowledges Glick's objections, but they do not form a legal basis to rule otherwise.[1] Glick's case must be dismissed.

Based on the foregoing, I adopt Judge Strong's Findings and Recommendation (dkt #15) in full.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED (dkt #2) for failure to exhaust administrative

---

[1] The Court does not find Glick's cites to case law included in his legal memorandum (dkt #4) persuasive. *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004) is inapposite because the statute supporting the legal action, 28 U.S.C. § 2241, allowed for prudential exhaustion, unlike mandatory exhaustion under § 1983. Furthermore, the court found that the district court judge failed to exercise good judgment and allowed the prisoner to circumvent necessary administrative procedures. *Id.* at 999-1001. Nor is *Terrell v. Brewer*, 935 F.2d 1015 99th Cir. 1991) convincing, it is again inapposite where it addresses a *Bivens* claim. Finally, Glick's reliance on *Gentala v. Tucson*, 213 F.3d 1055 (9th Cir. 2000) is misplaced. The court's observation about the import of First Amendment rights does not relieve Glick's burden to fulfill administrative remedies under § 1983. The Court again directs Glick to *McKinney v. Carey* and its discussion of exhaustion under § 1983 claims and the mandates of § 1997e(a).

remedies prior to filing suit;

IT IS FURTHER ORDERED that Plaintiff's motions for preliminary injunction (dkt #3), for class certification (dkt #6), and for retroactive application (dkt #9) are DENIED;

IT IS FURTHER ORDERED that the filing of this action counts as one strike for failure to state a claim pursuant to 28 U.S.C. § 1915(g); and

IT IS FURTHER ORDERED that pursuant to Rule 24(a)(4)(b), Federal Rules Appellate Procedure, the Court CERTIFIES that any appeal from its disposition is not taken in good faith.

DATED this 14th day of August, 2007.

Donald W. Molloy, Chief Judge
United States District Court